Judge Buckner,,
delivered the opinion of the court.
WinuAMs, having obtained a judgment against Myers, & c. >. hich had been injbmed, assigned-; to Triplett, by an instrument of' writing; the beneiil of the suit and judgment. The clerk of ihe ci'rcuit court, in watch the suit was depending, certifies that this writing was filed among the papers in the suit- in chan* eery, of Myers, &c. vs. Williams in 1824.
The injunction having been subsequently dissolved with damages, and executions having issued to coerce payment of' the amounts due, Triplett, by an endorsement on one of mem, directed 1 bomas,' the deputy sheriff, in whose hands it was subsequently placed, to pay the amount thereof to Fitzpatrick. A pai t of the., money was made, by safe of property belonging to one of the defendants in the execution, and paid by the deputy to Fitzpaxick. For-the remainder due on the-execution, a replevin bond was executed. The execution for the damages was also replevied. YVnen those-bonds fell due, executions werejssued, but without any endorsement lor the benent of. Triplett or Jbilzpatrick, *652 as to one of them. On the other, being for $32 and some cents, were the following endorsements:
in order to create an as suit.- it by m plica ion of tatv, there must be a privity of contract ' Assig- mont uf juiip-meni *o *.l ;rri .er.-on by crech or, íiíi'ii with the • :.; ei". br‘ .sol t.i (hjiT-t <1 on eveu-ioii, ore. «‘'-no oi>liga -i >•-. oo shorifi <> t’oy the money to assignee. •
*652 “This execution, for my use, as per assignment, filed in papers-
THO. TRIPLETT, p. q”
“The sheriff will pay this to Peter Fitzpatrick. THO. TRIPLETT.”
The executions on the replevin bonds had been placed in the hands of Heim the defendant in error, as deputy sheriff who was tiien informed of the assignment to Triplett, .-’fter He had collected the amounts, Fitzpatrick applied to him for the money, which he refused to pay, unless indemnified, but promised Fitzpatrick that-he would pay it to him, upon such indemnity being procured, and that he would withhold payment to Williams, the plaintiff in the' executions, until an answer could be received from Triplett on the subject» Fitzpatrick immediately wrote to him on the subject* .anda bond for indemnity was forwarded. Upon the reception of it, Fi z¡.atrick again applied to Helm for ■the money, who in the meantime had paid it to Williams,' and returned the executions satisfied. As a ground of justification, he said Williams had notified him that he mast not pay it to any one. except himself, and lie cad been advised, that it would be unsafe for him to disobey the directions-of tire plaintiff in the executions.
Triplett, thereupon, paid to Fitzpatrick the amount which he cla med, and instituted this action of assumpsit agauis: Heim, to recover it from him. On the trial of the causa, the foregoing facts having been proved, the .defendant in error moved the court to instruct the jury as in case of nonsuit The motion was -sustained; and the jury having found in his favoi, judgment was accordingly entered, to reverse which, Triple!! prosecutes this-writ of error, insisting that the cou’ t erred in giving the instruction.
That the defendant made an express assumpsit to the plmiuiff in error, is not even preiended. Indeed the declaration contains but one coun!; and that is, for money had and received by Ilelm to- Triplett's use. If, therefore, (waiving, any question, as to the le *653 gality of the contract between Triplett and William's,) be, '< ripie-1. has a right to iecover.it is upon a bromi c, which is implied by law, upon the tacts proved. That uo sue!) irnpl cation arises is evident.
Triplett, for plaintiff.
The assignment by Williams to the plaintiff in error, is alleged to have been Oled arpoug the papers of the suit in chancery, and Helm «vas informed* of the fact; but it,did not properly constitute any part of tae record. Triplett was not a party to that suit. Mis claim, however just it may be, is merely equitable. Be/ ween him and the defendant in error, there was no privity of contract, exp'-eSs or implied. Williams, it seems, insisted, regardless of the assignment, that ne was entiiled to the money; and actually received it. To compel the defendant in error, to incur the responsihi lip of refusing to pay money in his hands, as an officer of (he law, to the man in whose name it was collected, and to pay it to another, would be entirely unreasonable. The opinion delivered at the April term, 181V), in the case of Lee vs. Chambers, is considered as applicable in principle to this case.
The judgment of the 'circuit court must be affirmed with costs.